```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF GEORGIA
                  ATHENS DIVISION
```

MARY BILBREY, individually,
and DONNA SWILLEY, as the
Conservator for
ANTHONY BILBREY, a minor,

      Plaintiffs,

-vs-                                CASE NO. 3:09-CV-90 (CDL)

THE UNITED STATES OF AMERICA,

      Defendant.

ORDER

The Court tried this Federal Tort Claims Act case from November 15, 2010 through November 18, 2010. The Court empaneled an advisory jury to answer special interrogatories regarding liability. That jury found by a preponderance of the evidence that an employee of the United States negligently operated his United States Postal Service truck on December 22, 2006 and that this negligence was the sole legal cause of an accident involving Mary Bilbrey and Anthony Bilbrey. The Court has considered all of the evidence admitted at trial and makes the independent determination that the negligence of Defendant's employee proximately caused the motor vehicle accident on December 22, 2006 and that Plaintiff Mary Bilbrey and Anthony Bilbrey suffered serious injuries as a result of that accident. Accordingly, the Court finds that Plaintiff Mary Bilbrey shall recover damages from Defendant in the amount of

$2,674,192.04. The Court further finds that Plaintiff Donna Swilley, as Conservator for Anthony Bilbrey, shall recover damages from Defendant in the amount of $8,884,174.62 for the sole benefit of Anthony Bilbrey, a minor.[1] The Court makes the following specific Findings of Fact and Conclusions of Law.

## Findings of Fact

1.

On December 22, 2006, Mary Bilbrey was a passenger in the right front passenger seat of a Pontiac Firebird being driven by her fiancee, Jason Murray. As Mary Bilbrey and Jason Murray traveled in a lawful manner on Highway 11 in Monroe, Georgia, Randy Malcom, while within the scope of his employment with the United States, negligently pulled his United States Postal Service vehicle into the path of the vehicle being driven by Jason Murray. Jason Murray swerved to avoid colliding with Mr. Malcom's vehicle, causing Murray to lose control of his vehicle. Mr. Murray's vehicle skidded off the roadway and collided with a wooden fence

---

[1] At the trial, Plaintiffs moved to substitute Donna Swilley as Plaintiff to pursue Anthony Bilbrey's claims in place of Mary Bilbrey. Ms. Swilley, an attorney licensed in the State of Georgia, had been appointed as Conservator for Anthony Bilbrey. The Court granted the motion which was unopposed by Defendant. Although Ms. Swilley was appointed as Conservator due to Anthony Bilbrey's status as a minor, the Court awards damages here beyond the age of minority. It is clear that upon reaching majority, Anthony will be an incapacitated adult for the remainder of his life, and therefore, it is the Court's intention that these damages are awarded to Ms. Swilley as the Conservator for Anthony while he is a minor as well as during the time that he is an incapacitated adult.

2

off the roadway. During that collision, a board from the fence pierced the windshield of the Bilbrey vehicle and struck Mary Bilbrey in the abdomen area.

2.

At the time of the collision, Mary Bilbrey was approximately eight months pregnant. Prior to December 22, 2006, Ms. Bilbrey had experienced no serious complications with her pregnancy. As a result of the trauma of the accident, Mary Bilbrey suffered a severe blow to her abdomen area that caused a laceration of her liver and significant internal bleeding. As a result of the trauma of the accident, Mary Bilbrey had an emergency C-section delivery of her son, Anthony Bilbrey. Anthony Bilbrey was born with profound brain damage which was a direct proximate result of the trauma suffered by Mary Bilbrey and Anthony during the accident.

3.

Mary Bilbrey's injuries were serious, disabling, and caused her pain and suffering. Mary Bilbrey's injuries are permanent and she will experience pain and suffering and disability into the future. Immediately following the accident, she was hospitalized from December 22, 2006 through April 26, 2007. During much of this time, she was unconscious. Her discharge diagnoses included: liver laceration, traumatic cesarean section, hemorrhagic shock, respiratory failure, bilateral pneumothoraces, acute respiratory distress, hydronephrosis, renal failure with tubular necrosis,

bacterial endocarditis, sepsis, tracheostomy complications, pulmonary embolism, clostridium candidiasis, chronic anemia, and contracture of the tendon of bilateral knees.

The reasonable past medical expenses incurred by Mary Bilbrey that were proximately caused by the collision are: $1,174,192.04. A reasonable value for Mary Bilbrey's pain and suffering, past and future, is: $1,500,000.00.

4.

Anthony Bilbrey suffered profound brain damage as a proximate result of the collision. Because of this brain damage, Anthony Bilbrey is completely disabled and unable to attend to his basic necessities without complete assistance. His injuries and disability are permanent, and he has lost the opportunity to ever participate in the most basic daily activities. His damages include his medical expenses, the cost of caring for him for the rest of his life, his future lost wages, and his pain and suffering, past and future. The reasonable value of his past medical expenses is: $205,509.62. The reasonable value of the cost of caring for him for the remainder of his life based on a life expectancy of 40 years, which the Court finds is reasonable under the evidence, is: $ 5,762,264.00. The Court further finds that if Anthony Bilbrey had not been injured, Anthony likely would have earned future wages and benefits over his work life, the present value of which is: $916,401. A reasonable value for

4

Anthony's pain and suffering, past and present, is: $2,000,000.00.

## Conclusions of Law

1.

Plaintiffs have the burden of proving the essential elements of their claims by a preponderance of the evidence, which means they satisfied their burden of persuading the Court that their claims were more likely true than not true.

2.

In determining that Randy Malcom, Defendant's employee, was negligent, the Court applied the following standard for negligence under Georgia law. Mr. Malcom had a duty to exercise ordinary care in the operation of his vehicle. He was required to exercise that degree of care that a reasonably prudent person would exercise under like and similar circumstances. He breached this duty and was therefore negligent.

3.

In determining that Randy Malcom's negligence was the proximate or legal cause of the accident and Plaintiffs' damages, the Court applied the following standard. Proximate or legal cause means that the negligence directly and in the natural and continuous sequence produced, or contributed substantially to producing, such damage, so that it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even

though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

4.

In evaluating the Platintiffs' damages, the Court applied the following principles under Georgia law. Plaintiff Mary Bilbrey is entitled to recover all reasonable and necessary medical expenses proximately caused by Mr. Malcom's negligence. Plaintiff Mary Bilbrey is also entitled to recover all damages for her pain and suffering, past and future, including physical pain and mental anguish. These damages for pain and suffering are measured by the enlightened conscience of the factfinder.

Plaintiff Donna Swilley, as Conservator for Anthony Bilbrey, is entitled to recover for Anthony's sole benefit all reasonable and necessary medical expenses and life care expenses incurred, or to be incurred, by Anthony Bilbrey that were proximately caused by Mr. Malcom's negligence. She is also entitled to recover for Anthony's benefit an amount of damages that would reasonably compensate Anthony for his pain and suffering as determined by the enlightened conscience of the factfinder. Defendant agreed at trial that Ms. Swilley as Conservator, as opposed to Anthony's parents, is the proper party to recover Anthony's damages and to recover Anthony's medical expenses, life care expenses and other

necessary expenses.  Likewise, Mary Bilbrey and Jason Murray waive any right to pursue those claims.

5.

The Court applied the substantive law of the State of Georgia in this Federal Tort Claims Act case since the accident and injuries occurred in Georgia.

6.

Plaintiffs have complied with all preconditions for pursuing a claim under the Federal Tort Claims Act and have exhausted their administrative remedies.

CONCLUSION

The Clerk shall enter judgment as follows:

1) in favor of Mary Bilbrey and against The United States of America in the amount of $2,674,192.04;

2) in favor of Donna Swilley, as Conservator for Anthony Bilbrey and for his sole benefit, and against The United States of America in the amount of $8,884,174.62;

3) Plaintiffs shall also recover their costs of this action;

4) Post judgment interest shall accrue at the legal rate on the amount of the judgment.

It is so ordered this 18th day of November, 2010.

S/Clay D. Land
Clay D. Land
United States District Judge